Gilstrap v. FDIC                    CV-96-307-SD   11/04/96

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Ursula Gilstrap


   v.                                  Civil No. 96-307-SD


FDIC, et als.


O R D E R


    Plaintiff pro se, Ursula Gilstrap, objects (document 20) to a Report and Recommendation (R & R) of the magistrate judge (document 16).  Therein, the magistrate judge recommended that plaintiff's amended motion for a preliminary injunction be denied.  Id.


1.  Background

    Claiming entitlement to certain real estate in Salem, New Hampshire, plaintiff petitioned a state superior court to enjoin the transfer of such property, which had been the subject of foreclosure.[1]  Following hearing, her petition was denied on September 21, 1995.

_____

    [1]New Hampshire Revised Statutes Annotated (RSA) 479:25, II, grants mortgagors the right to petition the superior court to enjoin mortgage foreclosures.

Plaintiff's appeal was declined by the New Hampshire Supreme Court on March 28, 1995.  Her motion for reconsideration was denied by that court on May 16, 1996.

Subsequently, Michael Vedrani, purchaser of the disputed property at the foreclosure auction, moved in state court to evict plaintiff.  In turn, plaintiff sought to have Vedrani's action removed to this court.[2]

Plaintiff also commenced the instant action, seeking to attack the validity of the foreclosure and transfer of the property.  Included in her prayers for relief was a request for preliminary injunction.

This request was referred to the magistrate judge who, finding lack of a likelihood of success, recommended its denial.


2.  Discussion

Having performed the de novo review of the R & R required by 28 U.S.C. § 636(b)(1)(C), the court finds that it should be affirmed without modification.  Elmendorf Grafica, Inc. v. D.S. America (East), Inc., 48 F.3d 46, 49-50 (1st Cir. 1995).

The claim that the foreclosure was illegal and preceded by inadequate notice could or should have been raised in the state

---

[2]See Civil No. 96-460-B, a case in which Judge Barbadoro recently denied plaintiff's appeal from another R & R of the magistrate judge.

2

court action.  Accordingly, the doctrine of res judicata, also known as claim preclusion, serves to bar its viability in this court.  This is so because "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Puerto Rico Maritime Shipping v. Federal Maritime Comm'n, 75 F.3d 63, 66 (1st Cir. 1996) (quoting Manego v. Orleans Bd. of Trade, 773 F.2d 1, 5 (1st Cir. 1985) (additional citations, internal quotations, and emphasis omitted).

And with respect to the claims of the failure of the defendant Braunstein to comply with state recording requirements of a mortgage deed and alleged failure of the state attorney general to intervene on plaintiff's behalf, the magistrate judge correctly ruled these claims to be barred by the doctrines of standing and immunity, respectively.

The most important factor in assessing a right to relief by medium of preliminary injunction is the plaintiff's probability of success on the merits.  Brooks v. New Hampshire Supreme Court, 80 F.3d 633, 637 (1st Cir. 1996).  Where, as is here clear, that probability is absent, a preliminary injunction may not issue.

3

3.  Conclusion

For the reasons hereinabove set forth, the R & R of the magistrate judge is herewith affirmed without modification.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

November 4, 1996
cc: All Counsel